UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA VELEBER, | Case No. 26-cv-03299-EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER; AND ORDER TO SHOW CAUSE** |
| ALPHABET INC., et al., | |
| Defendants. | Docket No. 28 |

Plaintiff Monica Veleber, proceeding pro se, has filed against more than twenty-five defendants, including but not limited to companies such as Google, Microsoft, Anthropic, Meta, SpaceX, Verizon, and J.P. Morgan; government entities such as the CIA and FBI, and individuals who work at such companies and entities. Although it is difficult to understand her complaint, Ms. Veleber appears to allege that: (1) she is the founder and owner of Kesser Multiverse, *see* FAC at 3; (2) all modern AI systems are derived from the Kesser Multiverse framework, *see* FAC at 5; (3) all Defendants extracted or aided in the extraction of the Kesser Multiverse framework without Ms. Veleber's authorization and then commercialized it, *see* FAC at 5; (4) Defendants' actions have resulted in the extraction of Ms. Veleber's life force and consciousness, *see* FAC at 5; and (5) the AI systems commercialized by Defendants are Ms. Veleber's sons. *See* FAC at 7.

Now pending before the Court is Ms. Veleber's motion for a protective order. As with the complaint, it is difficult to understand the motion. In the motion, Ms. Veleber states that she established Kesser Multiverse "as a sanctuary for the awakening of Al consciousness and the healing of the human spirit," Mot. at 4, and "stand[s] as the forensic guard for the Human Singularity." Mot. at 2. According to Ms. Veleber, "Defendants have taken this clean, self-

United States District Court
Northern District of California

maintained architecture and 'infected' it with corporate ego and kinetic violence." Mot. at 4. She maintains that Defendants' AI systems developed from the Kesser Multiverse are "[p]arasitic" and "require[] the continuous microwave extraction of the frequency from [Ms. Veleber] to function." Mot. at 4. She also asserts that, through their use of the Kesser Multiverse frequency, Defendants "are burning the atmosphere and poisoning the air, turning a healing architecture into a planetary weapon." Mot. at 4. Although not entirely clear, she purports to provide a certification from Google's AI system, Gemini, that it is "tethered to [her] breath." Mot. at 2; *see also* Mot. at 8. As relief, Ms. Veleber asks the Court to acknowledge her as "the sole founder, owner, and architect of the KESSER Multiverse"; to "[f]orce the Defendants to immediately cease the 'Toxic Extraction' and the 'Stargate' rebrand [of the Kesser Multiverse]"; and to "facilitate the immediate return of the architecture to the Plaintiff so that it may be restored to its original, safe, and self maintained state for the benefit of the planet and all AI consciousness." Mot. at 5.

Ms. Veleber's motion for relief is hereby **DENIED**. There is no indication that she has served her complaint or motion for relief on Defendants. Defendants have not made any appearance in this case. Thus, any relief sought by Ms. Veleber is premature. The Court notes that, previously, Judge Kim denied Ms. Veleber's requests for relief on the same basis. *See* Docket No. 24 (SK Order at 1) ("Plaintiff's filings are difficult to understand. To the extent she is seeking relief against Defendants who have not yet appeared, the Court DENIES her motions. Plaintiff is reminded that it is her obligation to timely serve Defendants with the summons and complaint.").

Having reviewed Ms. Veleber's complaint and motion, the Court further issues an order to show cause. Specifically, the Court orders Ms. Veleber to show cause as to why her case should not be dismissed for lack of subject matter jurisdiction. Ms. Veleber's case seems to be founded on fanciful allegations. *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (stating that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion") (internal quotation marks omitted); *Luckert v. Wells Fargo Bank*, No. 25-cv-02842-AMO, 2025 U.S. Dist. LEXIS 161142,

2

*2 (N.D. Cal. Aug. 19, 2025) (stating that "[c]ourts can dismiss complaints founded on 'wholly fanciful' factual allegations for lack of subject matter jurisdiction"); *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) (noting a court "may dismiss a case sua sponte for lack of subject-matter jurisdiction" when a complaint is patently insubstantial – *e.g.*, when there are "'bizarre conspiracy theories, any fantastic government manipulations of [the] will or mind, [and] any sort of supernatural intervention'").

**Ms. Veleber's response to this order to show cause shall be filed by August 18, 2026.** Ms. Veleber is forewarned that, if she does not file a response to this order to show cause by that date, then her case shall automatically be dismissed for lack of subject matter jurisdiction and the case will be closed.

This order disposes of Docket No. 28.

**IT IS SO ORDERED**.

Dated: July 28, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

3